UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| Case No. | CV 13–6667 DSF (PJWx) | Date | 1/13/14 |
|---|---|---|---|
| Title | John D. Tedesco, et al. v. Ocwen Loan Servicing, LLC, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Defendants' Motion to Dismiss (Docket No. 16)

Plaintiffs John D. Tedesco and Alva V. Tedesco bring this action for intentional misrepresentation, breach of the implied covenant of good faith and fair dealing, violation of California Business and Professions Code § 17200, and accounting. Defendants Ocwen Loan Servicing, LLC (Ocwen) and HSBC Bank, USA (HSBC) move to dismiss the Tedescos' Complaint.[1]

## I. INTRODUCTION

On February 21, 2007, the Tedescos took out a home loan in the amount of $700,000 with Paul Financial, LLC as the lender and Mortgage Electronic Registration Systems (MERS) as the nominee. (Compl. ¶ 13.) The Deed of Trust (DOT) was recorded on February 28, 2007. (Id.; Compl., Ex. A.) The DOT included an adjustable rate rider, whereby the initial interest rate of 7.265% would be adjusted after the first five years of the loan and every six months thereafter up to 12.625%. (Compl. ¶ 14.) The loan included a prepayment penalty for the first three years. (Id.) The Tedescos have made all of their payments and continue to make payments, but because of accrued

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for January 13, 2014 is removed from the Court's calendar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

interest their loan balance has risen to $803,686.66. (Id. ¶ 19.) The Tedescos have unsuccessfully sought a modification of their loan since 2009. (Id. ¶¶ 20, 25.)

On July 10, 2012, MERS, on behalf of Paul Financial, assigned the DOT to HSBC, as trustee for an asset trust. (Id. ¶ 22; Compl., Ex. B.) The Tedescos allege that Paul Financial no longer existed after 2007, and that they are unaware of who owned their loan from 2007 to 2012. (Compl. ¶ 23.) GMAC was the servicer of the Tedesco's loan until February 1, 2013, when Ocwen bought servicing rights to the loan. (Id. ¶ 20.) The Tedescos generally allege that Ocwen and HSBC did not record accurate documents, that Ocwen is not the proper servicer of the loan, and that HSBC is not the proper owner of the loan. (Id. ¶ 25.)

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (ellipsis in original; internal quotation marks omitted). But Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94. However, allegations contradicted by matters properly subject to judicial notice or by exhibit need not be accepted as true, Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), and a court is "not bound to accept as true a legal conclusion couched as a factual allegation," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Id. (alteration in original; citation and internal quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Allegations of fraud are excepted from the "notice pleading" standard of Rule 8(a)(2). Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 513 (2002). Rather, "Rule 9(b) requires that, when fraud is alleged, a party must state with particularity the circumstances constituting fraud. . . . Averments of fraud must be accompanied by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

who, what, when, where, and how of the misconduct charged." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (alterations, citations, and internal quotation marks omitted). In addition, claims that fall under Rule 9(b) must meet Iqbal's plausibility standard. Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1055 (9th Cir. 2011). "Rule 9(b)'s particularity requirement applies to state-law causes of action." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003).

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." Id. at 679 (alteration in original; internal quotation marks and citation omitted).

### III. DISCUSSION

#### A. Loan Origination

To the extent the Tedescos' causes of action are based on fraud surrounding the origination of the loan,[2] such allegations are barred by the statute of limitations. The Tedescos entered into their loan more than six years ago. (Compl. ¶ 13.) The applicable statute of limitations is three years. Cal. Civ. Proc. Code § 338 (setting three-year limitations period for "[a]n action for relief on the ground of fraud or mistake"). The Tedescos generally allege that the statute of limitations should be tolled because "they could not have discovered, did not discover, and w[ere] prevented from discovering, the wrongdoing complained of therein." (Compl. ¶ 8.) However, the Tedescos' complaints stem from the terms of the DOT – i.e., the adjustable rate rider and prepayment penalty provision – of which the Tedescos were aware at the time they signed the DOT. Indeed, the Tedescos allege that they "were unhappy with the option they were given by Paul Financial," but decided to go forward with the loan nonetheless. (Id. ¶ 17.) The statute of limitations therefore bars any claims stemming from the original terms of the loan.[3] Moreover, the Tedescos would not be able to bring these claims against these Defendants,

---

[2] Although their Complaint is less than clear, the Tedescos appear to make several general allegations regarding "predatory lending" relating to the initial terms of their loan. (See Compl. ¶¶ 14, 26.)

[3] Even if the statute of limitations did not apply, the Tedescos have not alleged with sufficient detail the issues with respect to their loan. They merely outline the terms of the loan and state that they were unhappy with them. (Compl. ¶¶ 13-17.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

neither of which is the original lender or servicer of the loan.

### B. Implied Covenant of Good Faith & Fair Dealing

The Tedescos allege that Defendants breached the implied covenant of good faith and fair dealing by failing to maintain proper loan records, failing to disclose the status of their home with respect to foreclosure, failing to disclose who owned the loan, failing to provide the Tedescos with other "relevant information" pertaining to the loan, failing to "refrain[] from taking any action against Plaintiffs that [they] did not have the legal authority to do," and failing to modify the Tedescos' loan. (Compl. ¶ 42, 44.) Although "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement," it is also "universally recognized [that] the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." Carma Developers (Cal.), Inc. v. Marathon Dev. California, Inc., 2 Cal. 4th 342, 371, 373 (1992). The Tedescos fail to explain how either the express terms of the DOT or its purposes require that Defendants take the above actions.

Moreover, "California courts have refused to delay the nonjudicial foreclosure process by allowing trustor-debtors to pursue preemptive judicial actions to challenge the right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclosure." Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 511 (2013). Indeed, "[t]he recognition of the right to bring a lawsuit to determine a[n entity]'s authorization to proceed with foreclosure . . . would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1155 (2011). The Tedescos allege that there is a gap in title because their DOT was transferred to the HSBC trust in 2012, years after the trust's closing date in 2007. (See Compl. ¶¶ 22-24.) But even assuming this is true, the Tedescos lack standing to challenge an assignment to which they were not a party. See Jenkins, 216 Cal. App. 4th at 515 ("As an unrelated third party to . . . transfers of the beneficial interest under the promissory note, Jenkins lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions.").[4]

---

[4] Although a contrary rule was stated in Glaski v. Bank of Am., Nat'l Ass'n, 218 Cal. App. 4th 1079 (2013), the Court declines to follow this minority view. See, e.g. Newman v. Bank of New York Mellon, No. 1:12-CV-1629-AWI, 2013 WL 5603316, at *3 n.2 (E.D. Cal. Oct. 11, 2013) ("[N]o courts have yet followed *Glaski* and *Glaski* is in a clear minority on the issue.");

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

It is also clear that, under the case law, Defendants were under no obligation to modify the Tedescos' loan. California Civil Code § 2923.6 states that "[i]t is the intent of the Legislature that the mortgage servicer offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority." The Tedescos, however, have pointed to no "contractual or other authority" mandating this. Courts have made clear that "Civil Code section 2923.6 does not grant a right to a loan modification." Intengan v. BAC Home Loans Servicing LP, 214 Cal. App. 4th 1047, 1056 (2013). Rather, it "merely expresses the *hope* that lenders will offer loan modifications on certain terms." Mabry v. Super. Ct., 185 Cal. App. 4th 208, 222 (2010); see also Hamilton v. Greenwich Investors XXVI, LLC, 195 Cal. App. 4th 1602, 1617 (2011) ("There is no 'duty' under Civil Code section 2923.6 to agree to a loan modification."). Similarly, under the Home Affordable Modification Program (HAMP), "[a] loan modification is never guaranteed." Wright v. Bank of Am., N.A., No. CV 10-01723 JF (HRL), 2010 WL 2889117, at *4 (N.D. Cal. July 22, 2010).

The Tedescos also cannot show that they were damaged by the alleged breaches of the implied covenant of good faith and fair dealing. They merely assert that, "[a]s a result of Defendants' breach of this covenant, Plaintiffs ha[ve] suffered injury and has caused Plaintiffs [sic] the threat of not being able to make their payments which may result in them losing their home." However, the Tedescos assert that they continue to make their payments, and they have not alleged that Defendants have initiated foreclosure proceedings. With respect to the ownership of the loan, any "assignment of the deed of trust and the note did not change the [Tedescos'] obligations under the note." Siliga v. Mortg. Elec. Registration Sys., Inc., 219 Cal. App. 4th 75, 85 (2013) ("Absent any prejudice, the Siligas have no standing to complain about any alleged lack of authority or defective assignment."); see also Carollo v. Vericrest Fin., Inc., No. 11-CV-4767 YGR, 2012 WL 4343816, at *4 (N.D. Cal. Sept. 21, 2012) ("Plaintiff's injury cannot be traced to the transfer of the Note, but to the underlying default itself.").

### C. Intentional Misrepresentation

Under California law, "[t]he elements of intentional misrepresentation, or actual fraud, are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage." Anderson v. Deloitte & Touche, 56 Cal.

---

Diunugala v. JP Morgan Chase Bank, N.A., No. 12-CV-2106-WQH-NLS, 2013 WL 5568737, at *8 (S.D. Cal. Oct. 3, 2013) ("This Court finds the reasoning in the above cited caselaw to be more persuasive than that in *Glaski*.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

App. 4th 1468, 1474 (1997) (citation and quotation marks omitted). The Tedescos support this claim with the same allegations they make with respect to the alleged breach of the implied covenant of good faith and fair dealing – i.e., that Defendants failed to disclose information relating to the ownership of the loan and to potential foreclosure, and that Defendants failed to modify the loan. (Compl. ¶¶ 48, 58.)

First, these broad allegations are insufficient to satisfy the heightened pleading standard for fraud. See Kearns, 567 F.3d at 1124 ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.") (citation and quotation marks omitted). Second, with respect to the failure to modify the loan, the Tedescos point to no misrepresentation or nondisclosure attributable to Defendants. And with respect to the alleged nondisclosure of information relating to the ownership of the loan and foreclosure, the Tedescos have not alleged that Defendants intended to defraud them with their failures to disclose. The Tedescos also have not alleged that they detrimentally relied on these failures to disclose, and it is unclear how the alleged nondisclosure affected the Tedescos in any way.

### D. § 17200

The Tedescos base their § 17200 claim on similarly broad allegations: "[e]xecuting and recording false and misleading documents," "[e]xecuting and recording documents without the legal authority to do so," "[m]isrepresenting the status of the property to borrowers," and "[f]ailing to comply with HAMP." (Compl. ¶ 61.) For the reasons above, the Tedescos have failed to allege that any of these actions were unlawful. See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999) ("By proscribing 'any unlawful' business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.") (citation and quotation marks omitted). And even if the Tedescos have adequately alleged that Defendants engaged in "unfair" or "fraudulent" business practices, the remedies for violating § 17200 "are limited to injunctive relief and restitution." In re Vioxx Class Cases, 180 Cal. App. 4th 116, 130 (2009). The Tedescos seek neither. (See Compl., Prayer for Relief ¶¶ 1-5.)

### E. Accounting

The Tedescos assert a cause of action for accounting against Defendants to determine the amount of money due on the loan. (Compl. ¶ 77.) "A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." Teselle v. McLoughlin, 173 Cal. App. 4th 156,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

179 (2009). Even assuming such a relationship exists between the Tedescos and Defendants, the Tedescos need not rely on an equitable accounting to determine the amount due. See id. ("An action for accounting is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation."). In fact, the Tedescos have alleged the exact amount they owe on the loan – $803,686.66. (Compl. ¶ 19.) To the extent they argue that this amount is improper based on their other causes of action, those arguments fail for the reasons described above.

## IV.   CONCLUSION

The Complaint is DISMISSED in its entirety without prejudice. The Tedescos may file an amended complaint – if they can do so consistent with Rule 11 of the Federal Rules of Civil Procedure. Any amended complaint must be filed and served no later than February 3, 2014. Failure to file by that date will waive the right to do so. The Court does not grant leave to add new defendants or new claims. Leave to add defendants or new claims must be sought by a separate, properly noticed motion.

IT IS SO ORDERED.